IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO. 2:23-cr-00003

BILLY EGGLESTON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Judicial Notice* (Document 68) and *Motion to Allow Defendant's 2255 Motion to Proceed as Timely Filed* (Document 69), together with the attached exhibits. The Defendant indicates that he mailed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on June 3, 2024, together with a memorandum of law and an affidavit. He states that he placed the documents in the internal mailing system for legal mail from FCI Bennettsville, where he was housed in the special housing unit under protective custody. He learned that his § 2255 motion was never docketed only after requesting a docket sheet on April 2, 2025. Mr. Eggleston states that his family failed to receive letters from him, while he was housed in the special housing unit at FCI Bennettsville, and he believes prison officials failed to send his mail. He argues that he is entitled to equitable tolling and his § 2255 motion should be treated as timely.

Motions pursuant to § 2255 must generally be filed within one year from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Equitable tolling may apply

in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)).

The Court finds that the Defendant's requests for equitable tolling prior to the filing of his § 2255 motion are premature. After the motion is filed, equitable tolling may be considered in response to any motion to dismiss or *sua sponte* consideration of dismissal based on the statute of limitations. Accordingly, the Court **ORDERS** that the Defendant's *Motion for Judicial Notice* (Document 68) and *Motion to Allow Defendant's 2255 Motion to Proceed as Timely Filed* (Document 69) be **DENIED** as premature.

The Court further **ORDERS** that the Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, with exhibits (Document 69-1) be **FILED** as a new action pursuant to Section 2255. Accordingly, it is hereby **ORDERED** that the Clerk open a new action indicating Mr. Eggleston as the Movant, the cause as a 28 U.S.C. § 2255 Motion to Vacate/Correct Illegal Sentence, and include therein a copy of this Order and Document No. 69-1.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   July 1, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA